IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

GREGORY A. HALL,

        Plaintiff,                      No. CIV S-04-1275 MCE CMK

    vs.

T. FELKER, et al.,

        Defendants.              FINDINGS AND RECOMMENDATIONS

_____/

        Plaintiff, a state prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. On April 7, 2005, the court dismissed plaintiff's complaint for failure to exhaust prison administrative remedies. The plaintiff was granted thirty days to filed a third amended complaint which complied with the Prison Litigation Reform Act's ("PLRA") mandatory exhaustion requirement. On April 25, 2005, plaintiff filed a timely third amended complaint.

        The exhaustion of prison administrative procedures is mandated "regardless of the relief offered through [such] procedures." Booth v. Churner, 532 U.S. 731, 741 (2001).[1] The

---

[1] The date of the Supreme Court's Booth decision is noteworthy because the law governing the PLRA exhaustion requirement has changed considerably since plaintiff's previous case was closed in 1999. The holding of Booth applies retroactively, however, and therefore applies to all events at issue in this case. See Harper v. Virginia Dep't of Taxation, 509 U.S. 86, 97 (1993) ("When this Court applies a rule of federal law to the parties before it, that rule is the controlling interpretation of federal law and must be given full retroactive effect in all cases still open on direct review and as to all events, regardless of whether such events predate or postdate our announcement of the rule.").

United States Supreme Court has cautioned that it "will not read futility or other exceptions into statutory exhaustion requirements where Congress has provided otherwise." Id. at 741 n.6 (2001). The Court has also ruled that the exhaustion requirement "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." Porter v. Nussle, 534 U.S. 516, 532 (2002).

In California, the state regulations that govern grievance procedures in state jails and prisons provide that inmates "may appeal any departmental decision, action, condition, or policy which they can demonstrate as having an adverse effect upon their welfare." Cal. Code Regs. tit. 15, § 3084.1(a). An administrative appeal may progress from an informal review through three formal levels of review. See Cal. Code Regs. tit. 15, § 3084.5. A decision at the third formal level, which is also referred to as the director's level, is not appealable and concludes a prisoner's departmental administrative remedy. Cal. Code Regs. tit. 15, §§ 3084.1(a) and 3084.5(e)(2). Departmental appeals coordinators may summarily deny a prisoner's untimely administrative appeal. Cal. Code Regs. tit. 15, §§ 3084.3(c)(6) and 3084.6(c). To comply with the PLRA exhaustion requirement, a state prisoner in California must file an inmate appeal on each claim concerning prison conditions or events and must proceed to the highest level of administrative review available to him before he seeks judicial relief, regardless of the relief desired by the prisoner.[2] A court is required to dismiss, without prejudice, an action involving prison conditions where the prisoner failed to exhaust administrative remedies prior to filing suit, even if he was in the process of doing so when the suit was filed. McKinney v. Carey, 311 F.3d 1198, 1199 (9th Cir. 2002).

The evidence reveals that plaintiff has not exhausted his claim against defendant Kimbrell for improperly screening plaintiff's complaints. Plaintiff was previously notified that

---

[2] State prisoners in California may no longer rely on the holding of Rumbles v. Hill, 182 F.3d 1064, 1069 (9th Cir. 1999), that "[e]xhaustion of administrative remedies under section 1997e(a) is not required if a prisoner's section 1983 claim seeks only monetary damages and if the correctional facility's administrative grievance process does not allow for such an award."

he could file a separate grievance alleging that his grievances were being improperly screened out. (Compl. at Exs. B & C.)  Plaintiff did not submit a grievance alleging improper screening of his complaints after June 5, 2002. (Id.) Plaintiff never alleged in any appeal that he filed that any of his grievances had been improperly screened. (Mot. Dismiss, Ex. A, Attach 1.)

In his third amended complaint, the plaintiff alleges that exhaustion is futile. Plaintiff again fails to answer whether the grievance process has been completed.   Plaintiff asserts that the appeals process is unavailable to him because it is controlled by the perpetrators of his civil rights claims.   Plaintiff declares that he has submitted other appeals that were "obstructed or falsely rejected." (Compl.)  However, the plaintiff again fails to provide any support for these allegations.

Within his third amended complaint, plaintiff has included a copy of the first level appeal decision.  The decision describes plaintiff's refusal to participate in the mandatory interview process. See Cal. Code Regs. tit. 15, § 3084.4(d).  Plaintiff's appeal was cancelled because of plaintiff's refusal to be interviewed.

This court finds plaintiff's arguments unpersuasive.  Plaintiff's vague allegations of futility and his apparent unwillingness to cooperate are not enough to excuse plaintiff from the mandatory exhaustion requirement.  Plaintiff must exhaust his administrative remedies before filing in federal court.  This court will recommend dismissal of this action because plaintiff has not satisfied the PLRA's mandatory exhaustion requirement.

Good cause appearing, IT IS HEREBY RECOMMENDED that this action be dismissed, without prejudice, for failure to exhaust administrative remedies and for failure to state a claim upon which relief can be granted.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty days after being served with these findings and recommendations, plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's

1  Findings and Recommendations." Plaintiff is advised that failure to file objections within the
2  specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d
3  1153 (9th Cir. 1991).
4  DATED:   May 6, 2005.

/s/   **CRAIG M. KELLISON**
Craig M. Kellison
UNITED STATES MAGISTRATE JUDGE